IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVIN BRANDIS PUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:25-cv-27-MHT-JTA |
| CLARKE COUNTY, ALABAMA, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

For the reasons stated below, the undersigned recommends this action filed by *pro se* Plaintiff Devin Brandis Pugh[1] be dismissed without prejudice for failure to pay the filing fee, failure to prosecute, and failure to comply with a court order.

### I.   JURISDICTION

"[P]ursuant to 28 U.S.C. § 636, this case [was] referred to the [undersigned] United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. No. 5.)

This court has subject matter jurisdiction over this action based on federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's cause of action arises under the Constitution and laws of the United States, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117. The court also may exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367(a).

---

[1] As of the filing of this Recommendation, Plaintiff has thirty cases pending in this court, none filed prior to December 11, 2024.

1

## II.   DISCUSSION

On January 16, 2025, the court entered the following order in this case:

Plaintiff's claims against Clarke County, Alabama, have been docketed as a new civil action after being severed from Case Number 2:24-cv-836-ECM-JTA. (*See* Doc. No. 1). In this new action, Plaintiff must either submit the $350.00 filing fee and $55.00 administrative fee or file an application for leave to proceed *in forma pauperis*.

In addition, Plaintiff has not submitted a conflict disclosure statement in this new action as required by Rule 7.1 of the Federal Rules of Civil Procedure and General Order 3047.

Accordingly, and for good cause, it is ORDERED as follows:

1. On or before **January 30, 2025**, Plaintiff shall either pay the $350.00 filing fee and $55.00 administrative fee **or** file an application for leave to proceed *in forma pauperis* in this action.

2. The Clerk of Court is hereby DIRECTED to send Plaintiff a blank application for requesting *in forma pauperis* status.

3. On or before **January 30, 2025**, Plaintiff shall file the required disclosure statement in this action. A template "Disclosure Statement" is available on the court's website at https://www.almd.uscourts.gov/forms/conflict-disclosure-form-2024.

**Plaintiff is expressly cautioned that failure to comply with this Order will result in a recommendation of dismissal with or without prejudice for failure to pay the filing fee, failure to prosecute, and failure to comply with a court order.**

(Doc. No. 6.)

To date, Plaintiff has failed to comply with the January 16, 2025 Order. As Plaintiff was warned, this action is due to be dismissed for failure to pay the filing fee, failure to prosecute, and failure to comply with a court order. *See Kelly v. Elite Roofing, LLC*, No. 2:24-cv-388-MHT-JTA, 2024 WL 5264873, at **4-5 (M.D. Ala. Dec. 31, 2024) (recommending dismissal without prejudice where a party failed to comply with court

orders and failed to prosecute, but lacked an established record of contumacious misconduct), *recommendation adopted*, 2:24-cv-388-MHT-JTA (Docs. No. 39–41) (January 31, 2025 Opinion and Order, January 31, 2025 Opinion, and January 31, 2025 Judgment of the United States District Judge).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that this action be DISMISSED WITHOUT PREJUDICE for failure to pay the filing fee, failure to prosecute, and failure to comply with a court order.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 25, 2025**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 10th day of February, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE